ZEB. MATTOX v. THE SEABOARD INSURANCE COMPANY.

(Filed 24 November, 1926.)

**Insurance, Accident—Automobiles — Stipulations in Policy — Waiver — Evidence.**

The stipulations in an accident insurance policy upon an automobile that written notice of the accident be given the insured within a certain time, or upon failure of the parties to agree as to the amount of damages, they will arbitrate, etc., are deemed waived by the insurer upon denial of liability.

Appeal from *Lane, J.,* at August Term, 1926, of Union. Reversed.

*Vann & Milliken for plaintiff.*
*John C. Sikes and John M. Robinson for defendant.*

Per Curiam. This action was instituted by plaintiff against defendant to recover upon a certain fire insurance policy on an automobile which was destroyed by fire on 17 December, 1925. This action was instituted on 5 January, 1926.

Plaintiff offered in evidence open Policy No. D-1004 of defendant—standard policy.

Defendant relied on certain provisions of the policy: (1) Notice in writing to the company within 60 days after loss or damage, giving in detail the facts, etc. (2) In case the assured and this company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser, etc. (3) The loss shall in no event become payable until sixty days after the notice, ascertainment, estimate and verified proof of loss herein required have been received by this company, and if appraisal is demanded, then, not until sixty days after an award has been made by the appraisers.

Plaintiff concedes "for the purpose of this appeal that unless there is evidence to go to the jury on an issue of the defendant's waiver of policy provisions in the respects mentioned, the judgment should be affirmed."

It is well settled in this State that a denial of liability waives the filing of proof and the time limit fixed in the policy, within which it became payable and action might at once be instituted. *Gerringer v. Insurance Co.,* 133 N. C., p. 407; *Higson v. Insurance Co.,* 152 N. C., p. 206; *Moore v. Accident Assurance Corporation,* 173 N. C., p. 532; *Proffitt v. Ins. Co.,* 176 N. C., p. 680.

The only question involved: was there any evidence to go to the jury as to defendant's denial of liability? We think there was. On a motion

to nonsuit, the evidence is to be taken in the light most favorable to plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.

The defendant, Zeb. Mattox, had loaned the car in controversy to Oscar Threatt. He testified that he was going to Lancaster, S. C., from Monroe. He did not know what caused the fire. Just below Waxhaw the lights went out and the car ran off the fill. He jumped out about the time it went in the creek and it was on fire. He was going around the curve at the creek when the lights went off and he made an effort to stop, and the first thing he knew the car was going down the embankment.

Zeb. Mattox testified in part: That between one and two weeks after the fire one Mercer, a representative of defendant company, came to see him about a settlement. Proof of loss had been filled out and sent to the company.

"Q. Now, Mr. Mattox, go ahead and tell what took place between you and Mr. Mercer when he came down there. A. I carried him out the Jackson Highway where the car was burned, and he looked it over, and he said that if the car run down the bank they wasn't liable, and the car was damaged by running down the bank and they wasn't liable for the damage to the car; that it was damaged by running down the embankment."

There was other testimony by plaintiff of an offer of $500 that he would not accept—offer coupled with a denial of liability.

On cross-examination:

"A. No, sir, he commenced trying to show me where the car had run down the bank and damaged the car, and he wasn't liable for the car.

"Q. What value did he place on the car before it was damged? You placed the value at $1,300? A. He didn't place any because he said they wasn't liable for the car at all.

"Q. And that he wasn't liable for the damage which had been done by reason of it running off the embankment? A. Said he wasn't liable for the car because it was damaged when it run off."

Defendant in its answer says that it "did not then, never has and does not now deny that it is liable on the open policy," etc.

Conceding, without deciding that this question may be raised by the pleadings, yet we think the evidence is sufficient to be submitted to a jury as to whether the stipulation has not been waived by the defendant.

The judgment of nonsuit is

Reversed.